IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD CARTER JERRY-EL,  )
    Petitioner,  )
      )
    v.  ) 2:14-cv-707
      )
GEROGE PETSOCK, et al.,[1]  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Bernard Carter Jerry-El, an inmate at the State Correctional Institution at Greene has presented another in a series of petitions for habeas corpus relief.[2] For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    In his present petition Jerry-El once again seeks to challenge his 1978 conviction in the Court of Common Pleas of Beaver County at Nos. 196 and 197 of 1977. This conviction was the subject of his petition filed at 82-2357 on November 5, 1982. After considerable legal maneuvering including a disallowed interlocutory appeal to the Court of Appeals, on June 17, 1986, the petition was dismissed. An appeal was pursued and on November 6, 1986, the Court of Appeals denied a certificate of appealability and a petition for certiorari was denied on June 28, 1987. Jerry-El then filed a Rule 60 motion which was denied and on appeal the Court of Appeals dismissed the appeal on July 21, 2006 as a successive petition. Undeterred, Jerry-El filed another Rule 60 motion on October 27, 2011; that motion was denied and on February 8, 2012, the Court of Appeals denied a certificate of appealability. Jerry-El then filed a motion for reconsideration in this Court, which was denied on July 26, 2012, and a certificate of appealability was denied by the Court of Appeals on February 12, 2013. Petitioner again unsuccessfully sought leave to

---

[1] We note that Petsock is not an appropriate respondent since petitioner is now incarcerated at the State Correctional Institution at Greene.

[2] Jerry-El submitted the petition as a motion to amend his original petition filed at 82-2357. We directed that the motion be treated as a new habeas corpus petition and it was docketed at the above case number.

1

amend as well as Rule 60 relief. He now returns to this Court with another motion to amend which was denied on June 2, 2014 and the Clerk was directed to file that motion as a new habeas corpus petition.

In the interim, Jerry-El filed another habeas corpus petition on September 22, 1992 which was docketed at 2:92-cv-1965. The latter petition was dismissed as a successive petition on May 17, 1993 and on October 7, 1993 the Court of Appeals dismissed the appeal and denied a certificate of probable cause. Once again the petitioner unsuccessfully sought leave to amend and on April 21, 1994, the Court of Appeals denied a certificate of probable cause since the petitioner sought to raise claims which were previously adjudicated and his continued action was deemed an abuse of the writ. A petition for certiorari was denied on October 3, 1994. Apparently Jerry-El continued this litigation since leave to file a successive petition was denied by the Court of Appeals on February 14, 2002.[3]

Once again, on June 16, 1997, Jerry-El filed another habeas corpus petition which was docketed at 2:97-cv-992. On August 11, 1998, that petition was dismissed and a certificate of appealability was denied. On April 12, 2000, the Court of Appeals denied the application to file a second or successive petition.

On March 30, 2001, Jerry-El filed a habeas corpus petition which was docketed at 2:01-cv-581. On July 26, 2002 the petition was dismissed and a certificate of appealability was denied. On April 4, 2003, the Court of Appeals denied a certificate of appealability.

After a considerable hiatus, once again, Jerry-El has returned to this Court seeking to challenge his 1978 conviction.[4]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

---

[3] Because of the age of many of the records in the cases filed by petitioner, copies of documents are not available on the ECF system. However, because of the disposition here, those documents need not be secured from the archives.

[4] We note but do not address the timeliness of the instant application. 28 U.S.C. § 2244(d)(1).

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 4th day of June, 2014, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge